IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-514-MN |
| | ) |
| CONNECTIONS COMMUNITY | ) |
| SUPPORT PROGRAMS, INC.; | ) |
| CATHERINE DEVANEY MCKAY; | ) |
| WILLIAM NORTHEY; and STEVEN | ) |
| DAVIS, | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM ORDER</u>

At Wilmington this **22nd** day of **June, 2022**, the court having considered the motion of non-party respondents Conexio Care, Inc. ("Conexio"); Coras Wellness and Behavioral Health, LLC ("Coras"); and Imperium, Inc. ("Imperium;" collectively, "Respondents") to shift costs incurred in responding to third-party subpoenas (D.I. 61), plaintiff United States of America's ("Plaintiff") response thereto (D.I. 62), and the Declaration of Mark A. Kasten filed in further support of Respondents' motion (D.I. 63), IT IS HEREBY ORDERED THAT Respondents' motion is GRANTED-IN-PART for the reasons set forth below.

1. **Background.** Plaintiff filed this case on April 9, 2021 against a number of defendants, including Connections Community Support Programs, Inc. ("Connections"), for alleged violations of the Controlled Substances Act ("CSA"). (D.I. 1) Less than two weeks later, Connections filed a Chapter 11 bankruptcy petition. (Bankr. Case No. 21-10723-MFW, Bankr. D. Del.). In a May 2021 stipulation among Plaintiff, Connections, and other defendants, the parties acknowledged Connections' intention to sell its assets in bankruptcy and agreed that

Connections "shall take all reasonable efforts to ensure that any and all records or documents that are transferred to a purchaser in any sale of [Connections'] assets will be maintained by such purchaser as custodian for [Connections], and to ensure that such purchaser not destroy, alter, or remove, or permit the destruction, alteration or removal of, such records and documents, except upon motion and order, after reasonable notice to the United States, of the Bankruptcy Court." (D.I. 13 at 1, ¶ 4)

2. Respondents are non-profit organizations in Delaware (Conexio and Coras) and Pennsylvania (Imperium) that provide management support services in the field of behavioral health and substance abuse treatment. (D.I. 61 at 1) In July of 2021, Respondents purchased the assets of Delaware's largest provider of substance abuse treatment, Connections Community Support Programs, Inc., in bankruptcy. (*Id.*)

3. In January of 2022, Plaintiff served third-party subpoenas on Respondents, seeking the production of fourteen categories of Connections' documents pursuant to Fed. R. Civ. P. 45(a)(1)(D). (D.I. 46-1) Since February of 2022, Respondents represent that they have incurred expenses amounting to $52,529.94 for responding to twelve of the fourteen categories of requested documents. (D.I. 61 at 1)

4. Respondents' production in response to two of the subpoenaed categories remains outstanding. These categories request documents concerning Connections' compliance with the record-keeping requirements of the CSA and communications with the Drug Enforcement Administration. (D.I. 46-1 at 6-7)

5. Respondents have no objection to compliance with the subpoena's production requirement, but they ask that the costs associated with the production be shifted to Plaintiff as the requesting party. Accordingly, Respondents seek reimbursement of the $52,529.94 incurred

2

to date, as well as anticipated expenses necessary to respond to two remaining document requests, at an estimated cost between $16,862 and $23,493. (D.I. 63, Ex. A at ¶¶ 4-6) Plaintiff has refused to bear the expenses of the document production. The majority of the expenses are necessitated by the costs of engaging a third-party vendor to redact confidential patient information from more than 10,000 emails responsive to the subpoena. (D.I. 61 at 2)

6. **Legal standard.** Rule 45(d)(2)(B)(ii) "protect[s] a person who is neither a party nor a party's officer from significant expense resulting from compliance" with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii). In the Third Circuit, the test for determining whether the expense for complying with a subpoena is "significant" is as follows: (1) whether the nonparty has an actual interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than the requesting party; and (3) whether the litigation is of public importance. *See Gould v. O'Neal*, 2019 WL 4686991, at *5 (D.N.J. Sept. 26, 2019). "Cost-shifting is particularly appropriate in the context of subpoenas, since Rule 45 directs courts to minimize the burden on non-parties." *Contant v. Bank of Am. Corp.*, 2020 WL 3260958, at *3 (S.D.N.Y. June 17, 2020) (internal quotations omitted); *see also Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (explaining that a "court must protect the nonparty by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'nonsignificant.'").

7. **Analysis.** Applying the three foregoing factors to the circumstances of this case, the court finds that the anticipated future costs of compliance for the remaining two document requests should be shifted to Plaintiff. First, Respondents purchased Connections' assets in bankruptcy free and clear of all liabilities, they are not successors in interest to Connections, and they retained no former employees of Connections. (D.I. 61 at 3) Thus, Respondents cannot be said to have a stake in the outcome of this litigation. *See Gould*, 2019 WL 4686991, at *5

(suggesting that a non-party to a case has a reduced level of interest in the outcome of the litigation).

8. Second, Plaintiff has greater resources available to absorb the costs of the production than Respondents, which are non-profit entities operating on thin margins. *See In re Wesco Distrib., Inc.*, 2013 WL 432932, at *3 (W.D. Pa. Feb. 4, 2013) (finding "the Government can more readily bear the burden of the costs associated with complying with the subpoena."). Respondents have already borne significant expense in responding to twelve of the fourteen document requests, and the balance of this expense should therefore be shifted to Plaintiff.

9. Third, the removal of Connections from the market following Plaintiff's extensive investigation and enforcement of the CSA satisfied the public's primary interest in the litigation. Plaintiff's only remaining claims are those against the individual former executives of Connections. (D.I. 61 at 3) Respondents argue the likely recovery on these remaining claims is not proportional to the expenses Respondents will incur in responding to the remaining two categories of the subpoena. (*Id.*) Plaintiff counters that the enforcement of public safety laws outweighs the dollar value of any recovery. (D.I. 62 at 3) The court acknowledges that the litigation is of public importance and finds that the public interest has been served by Respondents' compliance and absorption of the expenses of document production for twelve of the fourteen categories of records. Thus, having reasonably balanced the cost shifting factors, the court grants Respondents' motion to shift costs to Plaintiff for the production of documents responsive to the remaining two categories of records.

10. The court denies Respondents' request for reimbursement of the $52,529.94 already incurred in responding to twelve of the fourteen document requests. *See Siltronic Corp. v. Emp'rs Ins. Co. of Wausau*, 2014 WL 991822, at *1 (D. Or. Mar. 13, 2014) ("[T]he requesting

4

party is not necessarily required to absorb all of the cost of a non-party's compliance" with a subpoena). Here, Respondents were aware of their obligations to act as custodians of Connections' records at the time they purchased the assets in the bankruptcy proceeding. (D.I. 13 at ¶ 4; D.I. 61 at 1) Accordingly, Respondents should have anticipated incurring some expenses associated with the instant litigation. Moreover, Respondents have provided no documentation itemizing the expenditures encompassed by the total amount of $52,529.94 incurred to date. *See In re Wesco Distrib., Inc.*, 2013 WL 432932, at *2 (W.D. Pa. Feb. 4, 2013) (denying motion to quash subpoena where non-party respondent failed to produce evidence that responding to subpoena would impose undue burden).

11.   Plaintiff alternatively proposes that Respondents should seek an order pursuant to 42 C.F.R. § 2.64 authorizing disclosure of patient information to alleviate the cost of document review.[1] (D.I. 62 at 3) This proposal requires publishing written notifications in general publications intended to reach Respondents' current and former patients, which would likely result in a flood of objections from patients and requests for more information. (*Id.*; D.I. 61 at 4) In this regard, Plaintiff's proposal would undermine the protection of confidential patient information concerning mental health and substance abuse treatment and would result in additional costs to Respondents in the form of responding to patient objections. Plaintiff's

---

[1] 42 C.F.R. § 2.64 provides that "[a]n order authorizing the disclosure of patient records for purposes other than criminal investigation or prosecution may be applied for by any person having a legally recognized interest in the disclosure which is sought." 42 C.F.R. § 2.64(a). Under the regulation, "[t]he patient and the person holding the records from whom disclosure is sought must be provided: (1) Adequate notice in a manner which does not disclose patient identifying information to other persons; and (2) An opportunity to file a written response to the application, or to appear in person, for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order[.]" *Id.* at § 2.64(b).

5

suggestion that the court would bear the burden of holding individual evidentiary hearings to resolve patient objections is equally unworkable. (D.I. 62 at 4)

12. **Conclusion.** Based upon the foregoing, Respondents' motion for cost-shifting is GRANTED-IN-PART. (D.I. 61) Specifically, Respondents' motion is GRANTED with respect to the cost of compliance for the remaining two subpoena categories. Within thirty (30) days of completion of this remaining production, Respondents shall submit to Plaintiff a declaration with an accounting and supporting documentation, such as invoices itemizing vendor expenses and attorney time records. Within seven (7) days of service of Respondents' accounting, Plaintiff shall inform Respondents when reimbursement will be sent. Should any further disputes arise regarding Respondents' request for reimbursement for subpoena compliance after Respondents provide Plaintiff with an accounting of actual expenses incurred in responding to the remaining two subpoena categories, the parties are instructed to follow the court's standard discovery dispute procedures. Respondents' motion is DENIED with respect to the $52,529.94 incurred in responding to the twelve other subpoena categories.

13. IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for June 23, 2022 at 2:00 p.m. is CANCELLED.

14. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

15. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge