IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-514-MN |
| ) | |
| CONNECTIONS COMMUNITY ) | |
| SUPPORT PROGRAMS, INC.; ) | |
| CATHERINE DEVANEY MCKAY; ) | |
| WILLIAM NORTHEY; and STEVEN ) | |
| DAVIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this **21st** day of **October, 2022**, the court having considered the motion of non-party respondents Conexio Care, Inc. ("Conexio"); Coras Wellness and Behavioral Health, LLC ("Coras"); and Inperium, Inc. ("Inperium;" collectively, "Respondents") to enforce its Memorandum Order dated June 22, 2022, and compel plaintiff United States of America ("Plaintiff") to pay the costs and expenses incurred in complying with third-party subpoena requests (D.I. 67), and Plaintiff's response thereto (D.I. 68), IT IS HEREBY ORDERED THAT Respondents' motion is GRANTED-IN-PART for the reasons set forth below.

1.      **Background.**  Plaintiff filed this case on April 9, 2021 against a number of defendants, including Connections Community Support Programs, Inc. ("Connections"), for alleged violations of the Controlled Substances Act ("CSA").  (D.I. 1)  Less than two weeks later, Connections filed a Chapter 11 bankruptcy petition.  (Bankr. Case No. 21-10723-MFW, Bankr. D. Del.).  In a May 2021 stipulation among Plaintiff, Connections, and other defendants, the parties acknowledged Connections' intention to sell its assets in bankruptcy and agreed that

Connections "shall take all reasonable efforts to ensure that any and all records or documents that are transferred to a purchaser in any sale of [Connections'] assets will be maintained by such purchaser as custodian for [Connections], and to ensure that such purchaser not destroy, alter, or remove, or permit the destruction, alteration or removal of, such records and documents, except upon motion and order, after reasonable notice to the United States, of the Bankruptcy Court." (D.I. 13 at 1, ¶ 4)

2.	Respondents are non-profit organizations in Delaware (Conexio and Coras) and Pennsylvania (Imperium) that provide management support services in the field of behavioral health and substance abuse treatment. (D.I. 61 at 1) In July of 2021, Respondents purchased the assets of Delaware's largest provider of substance abuse treatment, Connections Community Support Programs, Inc., in bankruptcy. (*Id.*)

3.	In January of 2022, Plaintiff served third-party subpoenas on Respondents, seeking the production of fourteen categories of Connections' documents pursuant to Fed. R. Civ. P. 45(a)(1)(D). (D.I. 46-1) Respondents incurred expenses amounting to $52,529.94 for responding to twelve of the fourteen categories of requested documents. (D.I. 61 at 1) Respondents asked the Court to shift the burden of this expense to Plaintiff, along with anticipated costs associated with the production of documents responsive to the remaining two subpoena categories.

4.	In support of this request, Respondents submitted the sworn declaration of Mark A. Kasten, which estimated the cost of compliance with the remaining two subpoena categories to be between $16,862 and $35,964 for the review of 10,797 documents and Mr. Kasten's supervision of the review, depending on certain variables. (D.I. 63, Ex. A at ¶¶ 5-6) Among those variables was whether the review would be performed by reviewers based in India or the

United States. (*Id.* at ¶ 5)  However, Respondents' letter request cited only the estimated costs of review by offshore reviewers, and communications between Respondents and Plaintiff confirm that Respondents only provided estimates for domestic reviewers "to demonstrate that the cost to respondents would be 'significant.'" (D.I. 61 at 2; D.I. 67, Ex. C at 3)  Mr. Kasten also represented that a subsequent collection and review of e-mail files from three custodians would result in additional significant expenses. (D.I. 63, Ex. A at ¶ 7)

5. On June 22, 2022, the court issued a Memorandum Order denying Respondents' request for reimbursement of the $52,529.94 already incurred, but granting Respondents' request to recoup anticipated future costs of compliance based on the representations made in the declaration of Mr. Kasten. (D.I. 64)  The Memorandum Order relied upon the estimated cost of $16,862 to $23,493 cited in Respondents' letter motion. (D.I. 64 at ¶ 5; D.I. 61 at 2)

6. Respondents now represent that compliance with the remaining two subpoena categories entailed the review of 33,715 documents, and the cost of review by a third-party vendor amounted to $127,300. (D.I. 67)  Respondents acknowledge that their June 2022 letter motion estimated anticipated costs using offshore reviewers, but upon further consideration, they retained domestic reviewers at a greater expense due to the sensitivity of the information being reviewed. (D.I. 67, Ex. C at 3)

7. **Analysis.**  Respondents' request to compel Plaintiff for reimbursement of the costs incurred by Respondents in collecting, reviewing, and producing documents responsive to Plaintiff's subpoenas is GRANTED-IN-PART in the amount of $72,828.  This amount is consistent with the cost estimates made in the declaration of Mark A. Kasten dated June 20, 2022, as proportionally adjusted for the increase in the number of documents reviewed from 10,797 to 33,715. (D.I. 63, Ex. A)  Respondents shall be responsible for the balance of the

expenses incurred for the reasons set forth below.  *See Siltronic Corp. v. Emp'rs Ins. Co. of Wausau*, 2014 WL 991822, at *1 (D. Or. Mar. 13, 2014) ("[T]he requesting party is not necessarily required to absorb all of the cost of a non-party's compliance" with a subpoena).

8. ***Domestic vs. Offshore Reviewers.***  The decision by Respondents to use domestic reviewers instead of offshore reviewers resulted in a substantial increase in costs.  The court's Memorandum Order in June 2022 was based on Respondents' representation that offshore reviewers would be used to decrease expenses.  (D.I. 64 at ¶ 5)  Respondents changed course more than a month after that decision to address management's concerns about allowing offshore reviewers to have access to sensitive patient information.  (D.I. 67, Ex. C at 3)  But Respondents cite no evidence that suggests Plaintiff agreed to the increased expense of domestic review, nor do they cite authority to support their position that review by offshore personnel would compromise the sensitive information.  *See Steward Health Care Sys. LLC v. Blue Cross & Blue Shield of Rhode Island*, 2016 WL 8716426, at *5 (E.D. Pa. Nov. 4, 2016) (finding that the "extra security offered by [the respondent's] own vendor was not necessary for compliance and, in no way, benefited or affected BCBSRI.").  Under these circumstances, Plaintiff should not be compelled to bear the cost difference of Respondents' more expensive vendor.

9. Moreover, the sensitive nature of these documents was apparent from the outset.  In Respondents' letter motion dated June 16, 2022, Respondents set forth the estimated cost of offshore review of "documents [that] contain confidential patient information protected by 42 CFR Part 2 that would need to be redacted[.]"  (D.I. 61 at 2)  Respondents offer no explanation for why management's concerns arose only after the court's June 2022 Memorandum Order, which relied on Respondents' own representation that the use of offshore reviewers was feasible. (D.I. 61 at 2; D.I. 63, Ex. A at ¶ 5)

10. ***Redaction of Employee Personal Identifiable Information.*** Plaintiff and Respondents also dispute whether Plaintiff should be responsible for the cost of redacting Respondents' employees' personal identifiable information ("PII"). (D.I. 67 at 4; D.I. 68 at 4) As Plaintiff notes, the same result could be achieved at less expense through a stipulated protective order. (D.I. 68 at 4) Plaintiff should not be required to subsidize Respondents' decision to expend resources redacting this information instead. *U.S. v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532, 536 (C.D. Cal. 2014) ("Rule 45 does not cut a blank check to non-parties— unnecessary or unduly expensive services do not 'result from compliance' and, therefore, do not count as 'expenses.'").

11. ***Costs and Fees for Support Staff.*** Respondents contend that Plaintiff should be responsible for fees billed by a paralegal and litigation support staff because those costs are reasonable and foreseeable. (D.I. 67 at 3-4) But Respondents fail to explain why they did not account for the use of a paralegal or litigation support technician in their June 2022 cost estimate, even though they now take the position that the use of this personnel was "foreseeable." (D.I. 67 at 3) Consequently, Plaintiff's reimbursement of Respondents' expenses is limited to the reasonable cost of review and redaction by a third-party vendor, and the attorney's fees of Mark Kasten to supervise the document review team. (D.I. 63 at ¶¶ 5-6)

12. ***Conclusion.*** Based upon the foregoing, Respondents' motion is GRANTED-IN-PART. (D.I. 67) On or before November 21, 2022, Plaintiff shall submit payment to Respondents in the amount of $72,828. Respondents' request for reimbursement of the balance of expenses incurred in the production is DENIED.

13. IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for October 24, 2022 at 10:00 a.m. is CANCELLED.

14. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

15. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge